UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———————————————

PHILLIP RENEAUD, et al.,

        Plaintiffs,                         Case No. 1:13-CV-619

v.                                          HON. GORDON J. QUIST

CITY OF TRAVERSE CITY, et al.,

        Defendants.
_____/

## OPINION GRANTING PLAINTIFFS' MOTION FOR REMAND

Plaintiffs originally filed this case in Grand Traverse County Circuit Court. Defendants removed this case to this Court (docket no. 1), alleging federal question jurisdiction. Plaintiffs have now filed a motion for remand (docket no. 20). For the reasons set forth below, the Court will grant Plaintiffs' motion and remand this case to state court.[1]

### I. BACKGROUND

Plaintiffs own private property along the Boardman River in Grand Traverse County, Michigan. Plaintiffs allege that Defendants' 2012 removal of the Brown Bridge Dam caused flooding that damaged their property. On May 17, 2013, Plaintiffs filed a lawsuit in Grand Traverse County Circuit Court. In their Complaint, Plaintiffs assert claims for "unconstitutional taking/inverse condemnation," of property, gross negligence, trespass, nuisance, interference with riparian rights, and violations of Michigan's Natural Resources and Environmental Protection Act (NREPA), Mich. Comp. Laws § 324.101 *et seq.* Plaintiffs' Complaint does not specify whether the

---

[1] Defendants have requested oral argument. However, the motion has been fully briefed and the Court deems oral argument unnecessary. W.D. Mich. LCivR 7.2(d).

unconstitutional taking claim was intended as a state or federal claim, and Plaintiffs do not cite a takings provision in either the United States or Michigan Constitution. Plaintiffs do parenthetically reference a United States Supreme Court case, *Arkansas Game and Fish Commission v. United States*, 568 U.S. ___, 133 S. Ct. 511 (2012), for the proposition that released dam water that floods downstream properties can constitute an unconstitutional taking. That reference aside, there is no indication in the body of the Complaint that Plaintiffs intended to allege a federal claim. Plaintiffs also attached 11 exhibits to their Complaint. Exhibit 10 is a Notice of Intent to Sue letter, pursuant to the Michigan Environmental Remediation Act, Mich. Comp. Laws § 324.20135(3)(a), a part of the NREPA. In their letter, Plaintiffs identify several potential claims, including takings claims, citing to specific clauses in the United States and Michigan Constitutions. (Docket no. 1, Page ID 93.)

On June 7, 2013, Defendants removed this case to this Court on the basis of federal question jurisdiction. (Docket no. 1, Page ID 2.) Plaintiffs have now filed a motion to remand, arguing that their Complaint does not raise a federal question. (Docket nos. 20–21.)

## II. MOTION STANDARD

"As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6, 123 S. Ct. 2058, 2062 (2003). "In the absence of diversity, a defendant may remove a civil action from state court to federal court only if the *plaintiff's* allegations establish 'original jurisdiction founded on a claim or right arising under' federal law." *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007) (quoting 28 U.S.C. § 1441(b)) (emphasis in original). "To determine whether the claim arises under federal law, we examine the 'well pleaded' allegations of the complaint and ignore potential defenses[.]" *Id.* (citing *Beneficial Nat'l Bank*, 539 U.S. at 6, 2058 S. Ct. at 2062.)

2

The well-pleaded complaint rule provides that a cause of action arises under federal law only if a plaintiff's properly pleaded complaint affirmatively alleges a federal question—in other words, the complaint's statement of a cause of action shows that it was based on federal law or the federal constitution. *See id.; see also The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25, 33 S. Ct. 410, 411 (1913) ("Of course, the party who brings a suit is the master to decide what law he will rely upon."); *Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 809 n.6, 106 S. Ct. 3229, 3233 n.6 (1986) ("Jurisdiction may not be sustained on a theory that the plaintiff has not advanced."); *Great N. Ry. Co. v. Alexander*, 246 U.S. 276, 282, 38 S. Ct. 237, 239–40 (1918) ("[T]he plaintiff may by the allegations of his complaint determine the status with respect to removability of a case."). "[W]hen both federal and state law claims are available, a plaintiff's decision to proceed exclusively under state law does not give rise to federal jurisdiction." *Am. Sys. Consulting, Inc. v. Devier,* 514 F. Supp. 2d 1001, 1005 (S.D. Ohio 2007) (citing *Caterpillar v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429 (1987)). The "party seeking removal bears the burden of establishing its right thereto." *Her Majesty The Queen In Right of the Province of Ontario v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989). "The removal petition is to be strictly construed, with all doubts resolved against removal." *Id.* (citing *Wilson v. U.S. Dep't of Agric.*, 584 F.2d 137, 142 (6th Cir. 1978)).

### III. DISCUSSION

In this case, Defendants' primary argument for federal question jurisdiction is that Plaintiffs cite a United States Supreme Court case in support of Count 1, their takings claim. Mere reference to federal law does not establish federal subject matter jurisdiction. *Avitts v. Amoco Prod. Co.*, 53 F.3d 690, 693 (5th Cir. 1995); *see also Weiss v. Fujisawa Pharm. Co.*, 415 F. Supp. 2d 720, 721 & n.3 (E.D. Ky. 2005) (rejecting the defendants' argument that federal question jurisdiction existed by virtue of the plaintiffs' references to violations of FDA regulations in state law claims);

3

*Garbaccio v. Columbia Gas Transmission Corp.*, 289 F. Supp. 2d 903, 905 (finding that the plaintiff's claim did not present a federal question where the complaint made no reference to the federal Takings Clause and the lawsuit was not against the government). This principle is particularly logical in this case, as Michigan courts can, and often do, consider United States Supreme Court decisions for guidance in interpreting the Michigan Constitution. *See, e.g.*, *In Re Request for Advisory Op. Regarding Constitutionality of 2005 PA 71*, 479 Mich. 1, 97, 749 N.W.2d 444, 496 (2007). Thus, construing Defendant's removal petition strictly and resolving doubts against removal, *Her Majesty The Queen*, 874 F.2d at 339, Plaintiffs' reference to a United States Supreme Court decision is insufficient to present a federal question.

Defendants' second argument for federal question jurisdiction is that Exhibit 10 of Plaintiffs' Complaint, the Notice of Intent to Sue letter, identifies state and federal takings claims. "While attachments are deemed to be included in a complaint, the well-pleaded complaint rule requires that a federal question be 'presented on the face of the properly pleaded complaint.'" *Keeling v. Rohm & Haas Co.*, No. CIV.A.3:07-CV-504-S, 2007 WL 4302086, at *1 (W.D. Ky. Dec. 5, 2007) (quoting *Caterpillar*, 482 U.S. at 392, 107 S. Ct. at 2429) (finding the defendants' reliance on consent form attachments for federal question jurisdiction "entirely contrived" and insufficient); *cf. City of Rome, N.Y. v. Verizon Commc'ns, Inc.*, 362 F.3d 168, 175 (2d Cir. 2004) (finding a letter attached to a complaint referring to a federal cause of action insufficient to establish federal question jurisdiction where its reference only served to rebut an anticipated defense).

Here, Plaintiffs' Notice of Intent to Sue letter puts Defendants on notice of possible claims, but is insufficient to present a federal question. In the statement of claims in the body of the Complaint, Plaintiffs make no reference to a federal claim. The letter, attached to the Complaint to comply with state law, merely serves to give notice, and Plaintiffs elected to include a broader set

of claims than those actually alleged in their Complaint. Although a federal cause of action may be available, a plaintiff may choose to proceed exclusively under state law, *Caterpillar*, 482 U.S. at 392, 107 S. Ct. at 2429, and doubts will be construed against removal, *Her Majesty The Queen*, 874 F.2d at 339. Therefore, Plaintiffs' Notice of Intent to Sue letter is insufficient to establish federal jurisdiction.

Finally, Defendants argue that Plaintiffs' state law claims present a "substantial federal question." The "substantial federal question" doctrine is one exception to the well-pleaded complaint rule, "where the vindication of a right under state law necessarily turn[s] on some construction of federal law." *Mikulski*, 501 F.3d at 560 (internal quotation marks and citations omitted); *see also Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312–19, 125 S. Ct. 2363, 2366–71 (2005). "Thus, under limited circumstances, a defendant may force a plaintiff into federal court despite the plaintiff's desire to proceed in state court." *Mikulski*, 501 F.3d at 560. "A 'substantial' federal question involves the interpretation of a federal statute that actually is in dispute in the litigation and is so important that it 'sensibly belongs in federal court.'" *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 552 (6th Cir. 2006) (quoting *Grable*, 545 U.S. at 315, 125 S. Ct. at 2368). "The mere presence of a federal issue in a state law cause of action does not automatically confer federal question jurisdiction, either originally or on removal. Such jurisdiction remains exceptional and federal courts must determine its availability, issue by issue." *Mikulski*, 501 F.3d at 565.

In this case, Defendants argue that Plaintiffs' state-law claims rely on the question of whether the United States Department of the Interior performed an appropriate environmental assessment or otherwise abused its discretion in authorizing the dam's removal.

5

It is evident from Plaintiffs' factual allegations that Traverse City, the property owner of the Brown Bridge Dam, made the decision to remove the dam, not the United States Department of the Interior. Resolution of whether the resulting flooding constituted an unconstitutional taking in violation of the Michigan Constitution, gross negligence or trespass, or Plaintiffs' other state-law claims does *not* require the fact finder to resolve whether the Department of the Interior performed an appropriate environmental assessment or otherwise abused its discretion. Defendants do not offer any substantive argument connecting the Interior Department's role to the state law claims, nor do they explain how resolution of the question will resolve the case. For example, a determination as to the propriety of the Department's environmental assessment will not resolve whether the City's decision to remove the dam—which regulated water flow—was an unconstitutional taking. Because Plaintiffs' state-law claims do not necessarily raise a federal issue that is "actually disputed and substantial," *Grable*, 545 U.S. at 314, 125 S. Ct. at 2368, the Court will not invoke this "exceptional" doctrine.

## IV. ATTORNEY'S FEES

In their motion for remand, Plaintiffs also request attorney's fees and costs. Absent unusual circumstances, courts may award attorney's fees when the removing party lacked an "objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, 126 S. Ct. 704, 711 (2005). "Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.* The availability of attorney's fees on removal is intended to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress's "basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Id.* at 140, 126 S. Ct. at 711.

Here, although the Court will grant Plaintiffs' motion for remand, it cannot be said that Defendants lacked an objectively reasonable basis for seeking removal. In this case, Plaintiffs did not specifically cite to the Michigan Constitution's Takings Clause, Mich. Const., art. X, § 2, nor the Fifth Amendment to the United States Constitution. Although the Court determines that the face of Plaintiffs' Complaint does not present a federal question, in light of Plaintiffs' prior Notice of Intent to Sue letter referencing the United States Constitution, it was not objectively unreasonable for Defendants to bring a motion for removal. Therefore, the Court declines to award attorney's fees or costs.

## V.  CONCLUSION

For the aforementioned reasons, the Court will grant Plaintiffs' motion for remand. However, the Court will deny Plaintiffs' request for attorney's fees and costs.


Dated:  August 5, 2013                                    /s/ Gordon J. Quist
                                                              GORDON J. QUIST
                                                      UNITED STATES DISTRICT JUDGE